UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AZMI ALAELDIN,

v.  Case No. 8:03-cr-489-T-17MSS
 8:05-cv-58-T-17MSS

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. Doc. cv-1; cr-534.

PROCEDURAL HISTORY

On May 11, 2004, a federal grand jury for the United States District Court, Middle District of Florida, Tampa Division, returned a superseding indictment charging Defendant and other codefendants with violations of federal law. Doc. cr-144. Defendant was only charged in Count Two of the Superseding Indictment. Count Two charged the Defendant with Conspiracy to Traffic in Contraband Cigarettes, in violation of 18 U.S.C. § 371. This Court lacked jurisdiction to consider the 2255 motion when filed, due to the pending appeal; the motion could in fact have been dismissed on that ground. Because Alaeldin dismissed his appeal, jurisdiction has reinvested in this Court and the merits of the motion can be addressed. United States v. Khoury, 901 F.2d. 975, 976 (11th Cir. 1990).

On June 7, 2004, the Defendant plead guilty to Count Two of the superseding indictment. The Court accepted the Defendant's guilty plea and adjudicated him guilty that same day. Doc. cr-200.

In preparation for sentencing, a Presentence Investigation Report (PSR) was prepared. The PSR calculated the Defendant's offense level to be 18 and his criminal history category to be II, yielding a guideline imprisonment range of 30 - 37 months. PSR ¶ 117.

On October 15, 2004, the Defendant was sentenced to 30 months' imprisonment to be followed by a term of 36 months' supervised release. Defendant was ordered to pay restitution in the amount of $165.00 and a special assessment in the amount of $100.00. Doc. cr-395 (Judgment).

On October 25, 2004, the Defendant directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 04-15599-D. Doc. cr-396.  On January 10, 2005, Defendant filed a Motion to Vacate, Set Aside, or Correct an Allegedly Illegal Sentence, pursuant to Title 28, United States Code, Section 2255. Doc. cv-1.

On January 20, 2005, this Court entered an order directing the government to show cause within sixty (60) days from the date of the order why the relief sought in the defendant's motion should not be granted. Doc. cv-3.  On January 26, 2005, the Eleventh Circuit Court of Appeals issued an Order dismissing Defendant's appeal pursuant to Defendant's motion to dismiss appeal with prejudice. Doc. cr-548.  Therefore, this Court has jurisdiction to rule on Defendant's 2255 motion to vacate in which he raises three grounds for relief.

As Ground One, Defendant claims that the District Court lacked jurisdiction to impose a sentence on facts not proven to the jury beyond a reasonable doubt pursuant to Blakely v. Washington, 542 U.S. 296 (2004). This claim is barred due to procedural default.

As Ground Two, Defendant claims that the District Court lacked jurisdiction to impose a sentence on facts not proven to the jury beyond a reasonable doubt pursuant to Blakely v. Washington, This claim is also barred due to procedural default.

As Ground Three, Defendant claims that his appellate counsel was ineffective due to his failure to raise the issues of Apprendi and Blakely on direct appeal. However, his counsel did timely file an appeal, which was dismissed with prejudice with the representation: "Undersigned counsel has discussed and informed Appellant of this motion and has obtained Appellant's consent and approval." (See the Government's Exhibit A).

## PROCEDURAL DEFAULT

Defendant is not entitled to relief on his claims that the District Court lacked jurisdiction to impose a sentence on facts not proven to the jury beyond a reasonable doubt in violation of both Blakely and Apprendi (Grounds One and Two). Defendant procedurally defaulted these claims when he dismissed his appeal with prejudice. The United States Supreme Court in United States v. Frady, 456 U.S. 152, 164 (1982) held that "Once the defendant's chance to appeal has been **waived** or exhausted, however, we are entitled to presume that he stands fairly and finally convicted..." (emphasis added). Alaeldin's voluntary dismissal of his appeal, with prejudice, is a clear, knowing and intentional waiver of his right to appeal.

The Defendant can overcome this procedural default only by showing both just cause to excuse his failure to pursue his claims on direct appeal, and prejudice from that failure. See McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001):.

> We also affirm the dismissal of McCoy's § 2255 petition on the additional alternative ground that he is procedurally barred from challenging his sentence on *Apprendi* grounds because he failed to raise the argument on direct appeal. A claim not raised on direct appeal is procedurally defaulted unless the Defendant can establish cause and prejudice for his failure to assert his claims on direct appeal. *See Frady,* 456 U.S. at 167-68, 102 S.Ct. 1584. Specifically, McCoy must show both "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* at 168, 102 S.Ct. 1584.

To show cause for not raising a claim in an earlier proceeding, a Defendant must show "some external impediment preventing counsel from constructing or raising the claim." See High v. Head, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To establish prejudice, the Defendant must show that he was denied fundamental fairness. Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999). This is a heavier burden than the burden of establishing plain error on appeal. See Frady, 456 U.S. at 164.

Defendant cannot meet this burden. His dismissal of his appeal was an act exclusively under his own control, and no cause has been shown for the abandonment of that appeal. Furthermore, because the contentions described in his motion for relief had been subsequently rejected by the Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005) prior to that dismissal (Booker was decided January 12, 2005), Defendant has

suffered no prejudice.[1] Booker specifically rejected the contention that sentencing facts be submitted to juries for resolution, and rejected the contention that the standard of proof as to such facts was beyond a reasonable doubt in federal sentencings.

At the time the Defendant was sentenced, the controlling law in this circuit was United States v. Reese, 397 F.3d 1337 (11th Cir. 2005). The only claims the defendant asserted at sentencing, or raises in this § 2255 petition, are objections as to judicial fact-finding based on Blakely. Although the Defendant could have continued those objections, and ultimately perhaps achieved consideration of Booker objections on direct appeal, he chose not to. Any attempt to argue for relief under Booker now, in this § 2255 proceeding, would constitute an argument for retroactive application of Booker. This argument was specifically rejected in Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005)quoting Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004), where the Court ruled: "Therefore, as the Supreme Court concluded in Schriro, we conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."

## DISCUSSION

As noted above, the Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005), specifically found that sentencing facts do not have to be presented to juries, and

---

[1] The Defendant's allegations of error cannot be deemed to be arguments for the application of Booker. See the discussion on Non-Retroactivity Doctrine set forth herein. Even if his Blakely objections could be deemed Booker objections, there is no prejudice shown because the sentence comported with the mandates of Booker. The defendant was sentenced by application of the sentencing guidelines, with no role enhancements or upward departures. No evidence was presented at sentencing as to the nature or circumstances of the offense, or the history or characteristics of the defendant, or of any other factor enumerated in 18 U.S.C. § 3553, which would have resulted in this Court departing from the applicable guideline level. Accordingly, the defendant cannot claim prejudice from the procedural bar, because the record reflects that his sentence would not have been modified even under Booker

that sentencing courts can, and indeed must, make findings of fact at sentencing proceedings on a preponderance of the evidence standard. Accordingly Defendant's claims of error (Grounds One and Two) must be denied as contrary to law.

The Defendant claims his counsel rendered ineffective assistance by not raising specific issues (<u>Blakely</u> and <u>Apprendi</u>) on direct appeal (Ground Three). This claim is factually groundless, because an appeal was in fact filed by his attorney, then was voluntarily dismissed by the Defendant prior to submission or consideration of the issues. Defendant's counsel had previously properly preserved the <u>Blakely</u> and <u>Apprendi</u> issues at the trial level, and those issues presumably would have formed the foundation of the appeal had it been pursued. Accordingly, a claim that counsel failed to raise the issues on appeal must be rejected as lacking in factual support.

Alaeldin alleges no error by his attorney at the trial level. The Defendant pled guilty the morning on which his trial was to commence, and does not complain about his attorney's representation during, or prior to, those proceedings. Defendant also does not complain about his attorney's conduct at sentencing, where <u>Apprendi</u> and <u>Blakely</u> objections were made and preserved. The only assertion of ineffective assistance relates to his appeal, which he agreed would be dismissed prior to the filing of any briefs. The procedural history of this case completely negates the defendant's claim that his attorney failed to preserve his objections under <u>Apprendi</u> or <u>Blakely</u>.

Because there is no factual basis for the Defendant's claim, discussion of the legal principles governing evaluation of claims of ineffective assistance appears unnecessary. Nonetheless, it is basic that the burden is on the accused to demonstrate the denial of the effective assistance of counsel. <u>United States v. Cronic</u>, 466 U.S. 648, 658 (1984).

6

Ineffectiveness of counsel may be grounds for relief only if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 690 (1984).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. Id. at 690. Furthermore, "[t]he burden of persuasion is on a Defendant to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Id. at 688. This burden of persuasion, though not insurmountable, is a heavy one. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)).

Case law specifically related to the performance of appellate counsel primarily relates to a failure to raise issues. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991); Jones v. Barnes, 463 U.S. 745 (1983); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). These cases are not applicable here, where the Defendant dismissed his appeal prior to the time at which the issues to be considered would be presented to the court. Counsel's performance as reflected by the record certainly did not fall below an objective standard of reasonable professional assistance. Counsel timely and properly preserved Apprendi and Blakely issues at sentencing (which would ultimately have permitted the Defendant to assert any Booker objections on appeal as well). Counsel then timely filed a notice of appeal of the sentence. The dismissal of that appeal was consented to, and approved, by the Defendant. Accordingly, Defendant's counsel fully met the standard of

reasonable professional assistance. Defendant's rights, and the pertinent issues, were fully preserved, and the Defendant himself abandoned them.

Accordingly, the Court orders:

That Defendant Alaeldin's motion to vacate (Doc. cv-1; cr-354) is denied, with prejudice. The Clerk is directed to enter judgment against Alaeldin in the civil case and to close that case.

ORDERED in Tampa, Florida, on December 7, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Judy K. Hunt

Pro se: Azmi Alaeldin